831 F.2d 296
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ray R. and Ruth Ann MARZEC, Plaintiffs-Appellants,
v.
NEWBURGH AND SOUTH SHORE RAILWAY COMPANY; Andrew Service
Corporation; and United States Steel Corporation,
Defendants-Appellees.
 No. 86-3476.
 United States Court of Appeals, Sixth Circuit.
 Oct. 14, 1987.
 
 Before ENGEL, MERRITT and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs, Raymond and Ruth Ann Marzec, appeal from the judgment of the United States District Court for the Northern District of Ohio granting defendants' motion for a directed verdict on their claim for damages for injuries allegedly resulting from defendants' negligence.
 
 
 2
 On April 19, 1983, Raymond Marzec, a brakeman on the railroad's train crew, was ordered to cut and uncouple railroad cars so they could be sent to the appropriate track to make up a train. While Marzec was attempting to uncouple two cars, the coupling pin, which is designed to remain in a lifted position under most conditions, fell back into place, thus preventing the cars from uncoupling. During this time, the train continued to move, so Marzec had to run alongside the cars in order to lift the cutting lever a second time. Marzec alleges that he was particularly hurried in his attempt to catch up with the cars due to the presence of a low, oily spot which blocked his path. It was after running around the spot and once again attempting to lift the cutting lever to uncouple the cars that Marzec first noted a severe back pain. Marzec alleges that this pain was caused by his more awkward position which was, in turn, a result of his hurrying. Marzec also alleges that had the oily spot not been present, he would have held up the cutting lever longer and thus would have uncoupled the cars successfully on the first try. Marzec's back pain was later diagnosed as a herniated disc which prevents him from carrying out any work on the railroad as a brakeman or conductor.
 
 
 3
 The Marzecs filed a complaint with the United States District Court for the Northern District of Ohio naming the Newburgh & South Shore Railway and the United States Steel Corporation as defendants. In their claims against the railroad, the Marzecs alleged both a violation of the Federal Employers' Liability Act (FELA), resulting from the railroad's negligence in permitting the low, oily spot to remain which, in turn, proximately caused Mr. Marzec's injury, and a violation of the Federal Safety Appliances Act, due to the malfunctioning coupling pin that did not remain in a lifted position. Plaintiffs' claims against U.S. Steel were brought under Ohio law for their alleged negligence which proximately caused Mr. Marzec's injury and for loss of consortium. In response, both defendants affirmatively alleged the defense of contributory negligence and moved for a directed verdict on all claims. The court granted defendant railroad's motion only as to the claim under the Federal Employer's Liability Act and later dismissed all claims against United States Steel. On March 10, 1986, the jury returned a verdict for defendant railroad on the remaining Safety Appliances Act claim. The Marzecs moved for a new trial and judgment notwithstanding the verdict, both of which were denied on April 25, 1986.
 
 
 4
 On appeal, the Marzecs contend that the trial court erred in granting both the railroad and non-railroad defendants' motion for a directed verdict on the issue of defendants' negligence. The Marzecs also contend that the trial court abused its discretion by permitting defendants to separate Mr. Marzec's cross-examination from direct examination; that the court erred in its jury instructions with regard to the scope of the Safety Appliances Act; that the court erred in denying the Marzecs' motion for judgment notwithstanding the verdict; and that the Marzecs' claim for loss of consortium should be retried if the Court of Appeals decides that the trial court did err in granting defendants' motion for a directed verdict.
 
 
 5
 The solution to these issues raised on appeal requires, of course, a careful scrutiny of the record, construed in a light most favorable to plaintiffs as to all issues except those upon which the jury rendered a verdict of no cause of action. While the Marzecs' position on appeal is most ably argued by their counsel, we are satisfied from our examination of that record that the district judge did not err in directing verdicts for the defendants on plaintiffs' claims for personal injury under FELA and under state law. While Gallick v. B & O Railroad, 372 U.S. 108 (1962), supports plaintiffs' claim that the federal courts are hesitant to take from the jury issues of fact, particularly those involving causation which are brought under FELA, we are satisfied that that decision does not preclude the direction of a verdict where the evidence to support the plaintiffs' claim is so lacking as here. Although the trial judge did not make specific findings in this regard, our examination of the record satisfies us that his decision is supported by the virtual absence of evidence establishing any causal link between defendants' alleged negligence in allowing a low, oily spot to exist alongside the tracks and the injury which befell the plaintiff when he endeavored to uncouple the cars. In addition, the court's decision to separate Mr. Marzec's cross-examination from his direct examination, while perhaps novel, was well within the broad discretion vested in the district judge in the efficient management of the trial and was not error. We also find no error in the jury instructions concerning the scope of the Safety Appliances Act. The instructions appear to be altogether fairly balanced and in harmony with the requirements of the Act. In short, our examination of the briefs and record satisfies us that no error occurred which would warrant our disturbing the judgment of the district court.
 
 
 6
 Accordingly, the judgment of the district court is in all respects AFFIRMED.